It is the wish of the parties that this agreement should be carried into effect. Collins insists that he is entitled to half, and not a third only, of the purchase money; Dickerson insists, and Allen agrees with him in opinion, that he is entitled to only a third of it. I think it must have been the understanding of the parties that the bonds should be executed, in a reasonable time after the sale; otherwise interest from the sale to the time of executing them would be lost. It is true, Dickerson alleges as a reason for not having made a tender of them sooner, the difficulty he met with in procuring a deed to be drawn for the land, which would meet with the approbation of Collins. Be this as it may, I think Collins is entitled to interest from the time of the sale to the time of the tender of the bonds, or whatever principal sum is (566) due to him. I also think he is entitled to interest from that time until payment shall be made, provided he is entitled to one-half instead of one-third of the purchase money. This seems to be the great point on which the parties differed in opinion, and which prevented them from carrying the contract into effect. If the land had been exposed to public sale, the purchaser would be been compelled to pay the full amount of the money bid, because it would have been understood to be the value of the land, and the purchaser would have had no interest in it until it was sold. If, at such sale, one of the owners of the land had bid for it, which he might have done, the money bid by him would also have been considered as the value of the land; but he would have been entitled to a deduction of one-third on account of his interest in it. The only difference between such sale and the one in question is, that the liberty of bidding was reserved to the proprietors only. Why was it thus exposed to sale? In order that the value of it might be ascertained; that he who fixed the highest value on it should become the purchaser; but being already owner of a third part of it, I think he is, on that account, entitled to a deduction of one-third of the amount bid for the land. In *Page 480 
the case of a sale made by a company of merchants, of any article, as mentioned by Dickerson's counsel, if one of the company became the purchaser, he would be charged in the books of the company with the full amount of the money bid by him; but being one of the company, he would be entitled to a credit equal to this interest in the concern. It has been alleged by Collins that Dickerson bid off the land for himself and Allen, under some agreement made by them for that purpose. I cannot see how that circumstance can affect the case. They had a right, certainly, to make such a contract, or any other that did not interfere with the one they had made with Collins.
It is no matter for whose benefit it was bid off by Dickerson, provided he acted up to that agreement. When £ 3,060 were bid for the land, Collins might have bid more, if he thought that sum under the (567) full value; he did not choose to do so, because (the presumption is) he supposed it was not worth more. If, indeed, Collins had not been able to purchase their rights, upon the terms on which the sale took place, or if he had been misled by false appearances, by them held out for that purpose, and on either of these accounts the land had sold for less than its value, because they did not bid against each other, and that for the purpose of defrauding him, there would be something in the allegation. This, however, it does not appear was the case. I am therefore of opinion that Collins is entitled to one-third of the purchase money only, with interest thereon from the time of the sale until he refused to execute the deed, etc., that from that time until he shall execute the deed, interest shall stop; that Dickerson, upon the execution of a sufficient deed, shall either pay the aforesaid principal and interest or cause the sum to be paid in a short time.
Decree. That the purchase money, that is to say, the one-half of the sum bid, with interest from the day of sale, be paid to Josiah Collins; and on the receipt of said sum and interest, that Josiah Collins shall convey the land so purchased in fee.